# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JAMES SARISIEN, III, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Cause No. 1:18-CV-201-HAB |
| CHAUFFEURS, TEAMSTERS, and WAREHOUSEMEN, LOCAL UNION NO. 414, | ) ) ) ) ) |
|     Defendant. | ) |

## OPINION AND ORDER

After admittedly failing to protect Plaintiff's rights under a collective bargaining agreement, Defendant removed a $400 claim from the Allen County, Indiana Superior Court Small Claims Division to this Court to avoid paying six hours of overtime pay to one of its members. Now, after filing an unsuccessful Motion to Dismiss (ECF No. 9), issuing written discovery (ECF No. 36), and taking Plaintiff's deposition (ECF No. 46), Defendant asks this Court for summary judgment declaring that it can avoid reimbursing its dues-paying member for amounts that all parties agree he was owed. For the reasons set forth below, Defendant's Motion for Summary Judgment (ECF No. 43) will be granted.

### I. Factual Background

Defendant is a union with its principal place of business in Fort Wayne, Indiana. Plaintiff is a member of Defendant, and at all relevant times was employed by Supervalu as a grocery selector. Defendant, in turn, had a collective bargaining agreement with Supervalu.

On October 22, 2017, Supervalu had a computer issue that necessitated the scheduling of a second shift. According to the collective bargaining agreement, Supervalu was supposed to call

in workers for the second shift based on bargaining unit seniority. Supervalu failed to do so, resulting in several of Defendant's members, including Plaintiff, being denied the opportunity for overtime. Defendant viewed this as a violation of the collective bargaining agreement.

Defendant's business agent, Kim Springer, negotiated a verbal agreement with Supervalu whereby Supervalu would agree to pay affected workers for six hours of overtime. Defendant was to provide a list of affected workers to Supervalu and, per the agreement, no other workers would receive compensation. Plaintiff was not included on the list, despite qualifying for compensation as a result of his seniority. He was left off the list because he had not worked his regular shift that day.

Plaintiff filed a grievance over the lost overtime pay, and his grievance hearing was set for April 26, 2018. When Plaintiff arrived for his hearing, Springer informed him that the grievance would not be heard. Springer decided not to hear the grievance because of the agreement with Supervalu that no one other than the listed employees would be paid.

## II.   Legal Analysis

### A.   *Plaintiff's Motion in Limine*

Before addressing the Motion for Summary Judgment, the Court must first dispose of Plaintiff's Motion in Limine to Exclude Testimony Alledgedly [sic] Made by the Plaintiff During Sworn Deposition. (ECF No. 50). Plaintiff seeks to exclude any reference to his deposition testimony, essentially because there was a significant delay between the taking of the deposition and Plaintiff receiving a copy of the transcript. Plaintiff apparently believes that this delay deprived him of the opportunity to review the transcript and complete an errata sheet, and therefore the whole of the deposition should be deemed inadmissible.

Plaintiff provides the Court with no legal basis to grant his motion. Rather, there would have been nothing that would have prevented Plaintiff from completing and submitting the errata sheet when he received the deposition. *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1406–07 (N.D. Ill. 1993) (accepting errata sheet even where it was filed more than thirty days after party received notice of completion). In addition, as Defendant correctly notes, Plaintiff could not have made substantive changes to his testimony via errata sheet, so it is difficult to understand how submission of an errata sheet could change the determination on Defendant's Motion for Summary Judgment. *Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, 710 F. Supp. 2d 777, 790 (N.D. Ind. 2010). The Court finds no reason to bar the presentation of Plaintiff's deposition testimony.

**B.** *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). While pro se litigants are granted wide latitude in presenting their cases, the Court will not "fill the void by crafting arguments and performing necessary legal research." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

**C.** *Duty of Fair Representation*

Plaintiff claims that, in failing to include his name on the to-be-paid list and refusing to pursue his grievance, Defendant violated its duty of fair representation. A union breaches the duty of fair representation only if its actions are arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Each of these possibilities must be considered separately in determining whether or not a breach has been established. *See Ooley v. Schwitzer Div., Household Mfg. Inc.*, 961 F.2d 1293, 1302 (7th Cir. 1992), discussing *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, (1991).

Whether a union's actions are discriminatory or in bad faith calls for a subjective inquiry and requires proof that the union acted (or failed to act) due to an improper motive. *Trnka v. Local Union No. 688, UAW*, 30 F.3d 60, 63 (7th Cir. 1994). As Defendant points out, Plaintiff's deposition testimony defeats any assertion that Defendant acted due to an improper motive.

4

Plaintiff testified that he didn't "believe anybody acted maliciously" in failing to assure that he was paid as part of the agreement. (ECF No. 44-2 at 14). With no other evidence indicating an improper motive, the Court has little difficulty finding that Defendant's actions were neither discriminatory nor in bad faith.

Whether a union's actions are arbitrary calls for an objective inquiry. *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 612–13 (7th Cir. 2001). "A union's actions are arbitrary only if the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Filippo v. N. Ind. Pub. Serv. Corp.*, 141 F.3d 744, 749 (7th Cir. 1998). This is an "extremely deferential standard" that precludes courts from "substitut[ing] their judgment for that of the union, even if, with the benefit of hindsight, it appears that the union could have made a better call." *Ooley*, 961 F.2d at 1302. Moreover, "mere negligence, even in the enforcement of a collective-bargaining agreement, would not state a claim for breach of the duty of fair representation." *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372–73 (1990).

Insofar as grievances are concerned, "a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion." *Vaca*, 386 U.S. at 191. "The union must provide 'some minimal investigation of employee grievances.'" *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1176 (7th Cir. 1995) (quoting *Castelli v. Douglas Aircraft Co.*, 752 F.2d 1480, 1483 (9th Cir. 1985)). "[B]ut the thoroughness of this investigation depends on the particular case, and 'only an egregious disregard for the union members' rights constitutes a breach of the union's duty.'" *Garcia*, 58 F.3d at 1176. The union is not obliged to take all member grievances to arbitration. *Vaca*, 386 U.S. at 191; *Reed v. Int'l Union of UAW*, 945 F.2d 198, 202–03 (7th Cir. 1991). Rather, it has discretion to act in consideration of such factors as the wise allocation of its own resources,

its relationship with other employees, and its relationship with the employer. *Rupe v. Spector Freight Sys., Inc.*, 679 F.2d 685, 691 (7th Cir. 1982).

Whether or not the Court would have handled this matter in the same way, it cannot say that Defendant's actions were arbitrary in a legal sense. Defendant could rationally reach the conclusion that the payment of its other members, as well as its relationship with Supervalu, were more important than payment to Plaintiff. While Plaintiff's loss of pay was regrettable, Defendant's actions do not amount to a violation of the duty of fair representation.

**III.   Conclusion**

For the foregoing reasons, Plaintiff's Motion in Limine (ECF No. 50) is DENIED. Defendant's Motion for Summary Judgment (ECF No. 43) is GRANTED. The Clerk is DIRECTED to enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on December 16, 2019.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT